UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00166-TBR

IN RE:  THE ESTATE OF JERRY WEST,                                            Plaintiff

v.

U.S. DEPARTMENT OF VETERAN AFFAIRS.                             Defendant

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's motion to remand. (DN 5). Defendant has responded. (DN 7). Plaintiff has replied. (DN 9). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion to remand is GRANTED.

BACKGROUND

This action arises out of a probate action filed by the Estate of Jerry West (the "Estate") in Jefferson County District Court. Jerry West, a Vietnam War veteran, applied for disability benefits with the VA. On November 26, 2013, the VA determined that Jerry West was entitled to a nonservice-connected pension and a special monthly pension. (DN 5-1). Two days later Jerry West passed away. On December 2, 2013, the VA issued a check to Jerry West for $8,660. Brenda West filed a probate petition which was granted on March 11, 2014. The $8,660 check was listed as an asset, endorsed by Brenda West in her role as Executrix, and the funds were transferred to an escrow account.

On June 10, 2014, Branch Banking and Trust Company ("BB&T") notified the Estate that the VA had filed a Notice of Reclamation of the $8,660 check. The same day BB&T

transferred the funds to the VA. The VA argues that because the check was received after Jerry West's death, it was properly returned to the VA.

The Estate attempted to have the funds returned by contacting the VA. After being "repeatedly ignored by the VA," the Estate filed a Motion to Compel Return of Seized Asset with the probate court. (DN 5). The Jefferson County District Court granted the motion and ordered the sum of $8,660 returned to the Estate. (DN 1-3). The VA filed a motion to remove the case to federal court. (DN 1). The Estate now moves to remand. (DN 5).

## STANDARD

Pursuant to 28 U.S.C. § 1442(a), a "civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." Included in the list that follows is the "United States or any agency thereof." 28 U.S.C. § 1442(a)(1); *City of Cookeville v. Upper Cumberland Elec. Mbrshp. Corp.*, 484 F.3d 380, 389 (6th Cir. 2007) ("The text of § 1442(a)(1), is best read to mean that the three entities that can remove are (1) the United States; (2) any agency thereof; or (3) any officer of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office").

## DISCUSSION

The VA removed this case pursuant to § 1442(a). In general, "§ 1442(a)(1) as amended permits a federal agency to remove to federal district court without limitation." *Id*. at 390-91 (holding the agency does not need to assert a "colorable federal defense"); *Renteria-Villegas v. Metro. Gov't*, 796 F. Supp. 2d 900, 905 (M.D. Tenn. 2011) (holding federal agency may remove "even though there was no suggestion of a federal cause of action, or even a potential federal

defense"). Therefore, in general, § 1442(a) permits the VA to remove most cases filed against it in state court to federal court.

The Estate argues that, notwithstanding the foregoing, the "probate exception" to federal jurisdiction strips this Court of jurisdiction and requires remand to state court. The Supreme Court has "recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (collecting cases). "Like the domestic relations exception, the probate exception has been linked to language contained in the Judiciary Act of 1789." *Id*. "[T]he reason being that the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and s 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters." *Markham v. Allen*, 326 U.S. 490, 494, 66 S. Ct. 296, 298, 90 L. Ed. 256 (1946). "But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heris' (sic) and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id*. (*quoting Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 43 (1909)) (collecting cases).

"We read *Markham's* enigmatic words ["interfere with the probate proceedings"], in sync with the second above-quoted passage, to proscribe 'disturbing or affecting the possession of property in the custody of a state court.'" *Marshall*, 547 U.S. at 311 (quoting *Markham*, 326 U.S. at 494). "In short, we comprehend the 'interference' language in *Markham* as essentially a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res,* a second court will not assume *in rem* jurisdiction over the same *res*." *Id*. "Thus, the

3

probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id*. "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id*.

"With these principles in mind, we now hold that the probate exception does not divest a federal court of subject-matter jurisdiction unless a probate court is already exercising *in rem* jurisdiction over the property at the time that the plaintiff files her complaint in federal court." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 804 (6th Cir. 2015); *Wisecarver v. Moore*, 489 F.3d 747, 751 (6th Cir. 2007) (interpreting *Marshall* as creating an "*in personam*/*in rem*" dichotomy in which federal courts may hear *in personam* actions but lack jurisdiction to hear *in rem* actions already before a state court).

In this case, the state court has already exercised *in rem* jurisdiction over the $8,660 check to Jerry West, an asset[1] of the probate estate. Accordingly, this Court is barred by the probate exception from exercising jurisdiction over this asset.

The VA argues that both the state court and this Court lack authority to review the VA's decision to recover the $8,660 check because 38 U.S.C. § 511(a) "precludes judicial review by <u>any</u> court, state or federal." (emphasis in original) (DN 4-1). This argument may have merit. *See e.g. Beamon v. Brown*, 125 F.3d 965, 970 (6th Cir. 1997) ("This section creates a broad preclusion of judicial review of VA decisions"). However, this Court lacks jurisdiction to address it. The cases cited by the VA are distinguishable because they involved an *in personam*

---

[1] "The so called 'assets of the estate' or 'probatable assets' consist of all the property which passes to the personal representative to be administered for the benefit of those interested in the estate." *Wood v. Wingfield*, 816 S.W.2d 899, 902 (Ky. 1991) (citing J. Merritt, 2 *Kentucky Practice,* § 1341 (1984).

claim that the VA owes benefits, not an *in rem* dispute over legal title to a set sum of money which has already become part of the assets of an estate. *See Hall v. Dep't of Veterans Affairs*, 2014 WL 836284, at *1 (E.D. Tenn. Mar. 4, 2014) ("Plaintiff claims that, despite submitting documentation and contacting the VA 'numerous times,' *plaintiff has not received* the retroactive award entitled to Louise R. Smith") (emphasis added); *Thompson v. Veterans Admin.*, 20 F. App'x 367, 368 (6th Cir. 2001) (unpublished).

## CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Plaintiff's motion to remand (DN 5) is GRANTED.

cc: counsel of record
    Jefferson County District Court, Probate Division