# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:16-CV-00166-TBR

IN RE: THE ESTATE OF JERRY WEST,                              Plaintiff

v.

U.S. DEPARTMENT OF VETERAN AFFAIRS.                  Defendant

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's motion for costs and attorneys' fees. (DN 12, 14). Defendant has responded. (DN 15). Plaintiff has replied. (DN 16). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion for costs and attorneys' fees is DENIED.

## BACKGROUND

This action arises out of a probate action filed by the Estate of Jerry West (the "Estate") in Jefferson County District Court. Jerry West, a Vietnam War veteran, applied for disability benefits with the VA. On November 26, 2013, the VA determined that West was entitled to a nonservice-connected pension and a special monthly pension. (DN 5-1). Two days later, West passed away.

The VA issued a check to Jerry West for $8,660. This check was listed as an asset in West's estate and was transferred to an escrow account. On June 10, 2014, Branch Banking and Trust Company ("BB&T") notified the Estate that the VA had filed a Notice of Reclamation of the $8,660 check. The same day BB&T transferred the funds to the VA. The VA argues that because the check was received after Jerry West's death, it was properly returned to the VA.

The Estate filed a Motion to Compel Return of Seized Asset with the probate court. (DN 5). The Jefferson County District Court granted that motion and ordered the sum of $8,660 returned to the Estate. (DN 1-3).

The VA removed this case to federal court. (DN 1). The Estate moved to remand. (DN 5). This Court found that, in general, § 1442(a)(1) permits a federal agency to remove a lawsuit to federal court. However, the "probate exception" to federal jurisdiction stripped this Court of jurisdiction. Accordingly, this Court was required to remand this action to state court.

The Estate now moves for an award of costs and attorneys' fees.

## STANDARD

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. A district court has discretion in making this determination. *Id*. at 136 ("Section 1447(c) . . . provides that a remand order 'may; require payment of attorney's fees—not 'shall' or 'should.'"); *see also Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527 (6th Cir. 2010).

## DISCUSSION

The Estate, having prevailed in arguing that this case should be remanded to state court, now requests costs and attorneys' fees for bringing that motion. The VA responds that this request should be denied because the VA had an objectively reasonable basis for removing this case to federal court. While this Court has remanded the case to state court, it agrees that the

VA's decision to seek removal was not objectively unreasonable. Accordingly, the Court will deny the Estate's request.

As a starting point, the Court notes there was clear authority for the VA to seek removal. Pursuant to 28 U.S.C. § 1442(a), a "civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." In general, "§ 1442(a)(1) as amended permits a federal agency to remove to federal district court without limitation." *City of Cookeville v. Upper Cumberland Elec. Mbrshp. Corp.*, 484 F.3d 380, 390-91 (6th Cir. 2007).

This case was remanded because the Estate successfully argued that, notwithstanding this clear authority for removal, this Court lacked jurisdiction because of the probate exception to federal jurisdiction. "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).[1]

The presence of a justifiable reason for remanding this case to state court, as opposed to a complete lack of justification for ever seeking removal, distinguishes this case from those relied upon by the Estate. *See Caudill v. Ritchie*, 2009 WL 1211017, at *1 (E.D. Ky. May 1, 2009) (granting request for attorneys' fees in a case where "[c]omplete diversity is lacking on the face

---

[1] While this is a seemingly clear statement of the law, the Supreme Court has acknowledged that its precedent on this topic has been, at times, "enigmatic" and "not a model of clear statement." *Id*. at 310-11. (*citing Markham v. Allen*, 326 U.S. 490 (1946)). Nor can the contours of the probate exception be considered long-established, as made clear by the Sixth Circuit's recent opinion charting the developing of that doctrine following *Marshall*. *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 804 (6th Cir. 2015).

3

of the plaintiffs' complaint because the plaintiffs—who are citizens of Kentucky—have asserted claims against two defendants who are also citizens of Kentucky").

Furthermore, the VA raised an independent argument for why this Court could not remand this case to state court. The VA argued that its decision to recover the $8,660 check cannot be reviewed by a court because 38 U.S.C. § 511(a) "precludes judicial review by <u>any</u> court, state or federal." (emphasis in original) (DN 4-1). The VA asked this Court to instead dismiss the Estate's claim. This Court found that the Estate's argument may have merit. Other courts have dismissed claims for VA benefits in similar circumstances. *Thompson v. Veterans Admin.*, 20 F. App'x 367, 368 (6th Cir. 2001) (unpublished); *Hall v. Dep't of Veterans Affairs*, 2014 WL 836284, at *1 (E.D. Tenn. Mar. 4, 2014). However, this Court found that it could not address this argument because the probate court had already exercised jurisdiction over the *res* in dispute, and accordingly, this Court lacked jurisdiction to grant the relief sought by the VA.

Finally, the Estate claims it would be "grossly unfair" for the Estate to "absorb the legal fees in fighting an improper removal," as the $8,660 check and a $500 Buick are the only assets belonging to Jerry West's estate. In support of this argument, the Estate cites to *Kasprowicz v. Capital Credit Corp.*, 524 F. Supp. 105 (E.D. Mich. 1981). The *Kasprowicz* court awarded attorneys' fees to the party prevailing on a motion to remand as doing so was "in the interest of justice." *Id*. at 107. However, despite using this language, the *Kasprowicz*'s analysis was still based on the fact that "there was no reasonable basis to assert federal question jurisdiction for removal." *Id*. Accordingly, notwithstanding the fact that sympathy lies on the side of the Estate in this case, the Court finds that the VA has a reasonable basis for removing this case and therefore will deny the Estate's request for attorneys' fees and costs.

4

IT IS HEREBY ORDERED that, for the foregoing reasons, Plaintiff's motion for costs and attorneys' fees (DN 12, 14) is DENIED.

cc: counsel of record